1    <u>PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY</u>

2    Name   <u>JOHN   CANTY</u>

          (Last)          (First)          (Initial)

3    Prisoner Number <u>   K-32754   </u>

4    Institutional Address <u>  California State Prison-Solano, Vacaville, CA  </u>

5    <u>P.O. Box-4000, 95696-4000</u>

6

7                  **UNITED STATES DISTRICT COURT**
                 **NORTHERN DISTRICT OF CALIFORNIA**

8       JOHN CANTY

9    <u>(Enter the full name of plaintiff in this action.)</u>

     Case No. **CV 08 3965**

10         vs.

     D.K. SISTO, WARDEN         (To be provided by the clerk of court)

11                     **PETITION FOR A WRIT**
                       **OF HABEAS CORPUS**

12

13

14    <u>(Enter the full name of respondent(s) or jailor in this action)</u>

15

16                  <u>Read Comments Carefully Before Filling In</u>

17    <u>When and Where to File</u>

18        You should file in the Northern District if you were convicted and sentenced in one of these

19    counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20    San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21    this district if you are challenging the manner in which your sentence is being executed, such as loss of

22    good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in

24    one of the above-named fifteen counties, your petition will likely be transferred to the United States

25    District Court for the district in which the state court that convicted and sentenced you is located. If

26    you are challenging the execution of your sentence and you are not in prison in one of these counties,

27    your petition will likely be transferred to the district court for the district that includes the institution

28    where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS      - 1 -

1  Who to Name as Respondent

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10 A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11     1. What sentence are you challenging in this petition?

12         (a)  Name and location of court that imposed sentence (for example; Alameda

13              County Superior Court, Oakland):

14  Sup. Court of Calif.              1225 Fallon ST. Oakland
                                      CA
15         Court                          Location

16         (b)  Case number, if known  128432A and 122582B

17         (c)  Date and terms of sentence  11/25/96/20 year Term

18         (d)  Are you now in custody serving this term? (Custody means being in jail, on

19              parole or probation, etc.)          Yes XXX     No _____

20              Where?

21              Name of Institution: C.S.P. Solano, P.O. Box-4000, VAC. CA

22              Address: P.O. Box-4000, Vacaville, CA 95696-4000

23     2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  PC 215, Carjacking; PC 289 (a) Pen, With Foreign Object and

27  Oral Copulation, PC 288 (a)(d)

28

PET. FOR WRIT OF HAB. CORPUS        - 2 -

1   3. Did you have any of the following?

2       Arraignment:                          Yes XX        No _____

3       Preliminary Hearing:                  Yes XX        No _____

4       Motion to Suppress:                   Yes _____     No XX

5   4. How did you plead?

6       Guilty _____   Not Guilty _____   Nolo Contendere XX

7       Any other plea (specify) _____

8   5. If you went to trial, what kind of trial did you have?

9       Jury _____   Judge alone XX   Judge alone on a transcript _____

10  6. Did you testify at your trial?                Yes _____     No XX

11  7. Did you have an attorney at the following proceedings:

12      (a)   Arraignment                    Yes XX     No _____

13      (b)   Preliminary hearing            Yes XX     No _____

14      (c)   Time of plea                   Yes XX     No _____

15      (d)   Trial                          Yes _____  No XX

16      (e)   Sentencing                     Yes XX     No _____

17      (f)   Appeal                         Yes _____  No XX

18      (g)   Other post-conviction proceeding   Yes _____   No XX

19  8. Did you appeal your conviction?               Yes _____     No XX

20      (a)   If you did, to what court(s) did you appeal?

21            Court of Appeal                 Yes _____   No XX

22            Year: _____   Result: _____

23            Supreme Court of California     Yes _____   No XX

24            Year: _____   Result: _____

25            Any other court                 Yes _____   No XX

26            Year: _____   Result: _____

27

28      (b)   If you appealed, were the grounds the same as those that you are raising in this

1    petition?                                    Yes _____    No **XXX**

2    (c)    Was there an opinion?                  Yes _____    No **XXX**

3    (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                  Yes _____    No **XXX**

5    If you did, give the name of the court and the result:

6    _____

7    _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?              Yes _____    No **XXX**

10    [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11    challenged the same conviction you are challenging now and if that petition was denied or dismissed

12    with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13    for an order authorizing the district court to consider this petition. You may not file a second or

14    subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15    U.S.C. §§ 2244(b).]

16    (a)    If you sought relief in any proceeding other than an appeal, answer the following

17    questions for each proceeding. Attach extra paper if you need more space.

18    I.    Name of Court: **Superior Court of Alameda County**

19    Type of Proceeding: **Habeas Corpus**

20    Grounds raised (Be brief but specific):

21    a. **Trial Court acted in ~~access~~ of it's Jurisdic-**

22    b. **tion. (2). That in light of the recent ~~decision~~**

23    c. **U.S. Supreme Court decision in Cunningham,**

24    d. **Plaintiff sntence must be reduced**

25    Result: **Denied** _____ Date of Result: **3/19/07**

26    II.    Name of Court: **First Appellate District**

27    Type of Proceeding: **Habeas Corpus**

28    Grounds raised (Be brief but specific):

1          a.___SAME AS (A) (1)_____

2          b._____

3          c._____

4          d._____

5          Result: ___Denied_____ Date of Result: _5/24/07_

6   III.   Name of Court: ___Supreme Court For THE State OF CALIF.

7          Type of Proceeding: ___Habeas Corpus_____

8          Grounds raised (Be brief but specific):

9          a.___SAME AS (A) (1)_____

10         b._____

11         c._____

12         d._____

13         Result: ___Denied_____ Date of Result: _12/12/07_

14  IV.   Name of Court: _____

15         Type of Proceeding: _____

16         Grounds raised (Be brief but specific):

17         a._____

18         b._____

19         c._____

20         d._____

21         Result: _____ Date of Result:_____

22  (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

23         Yes _____ No **xxx**

24         Name and location of court: _____

25  B. GROUNDS FOR RELIEF

26         State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS    - 5 -

1   need more space. Answer the same questions for each claim.

2   [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3   petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4   499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5   Claim One: A fact used to aggrevate or enhance Petitioner's term can

6   not perform double duty. A fact used to impose the upper term can

7   not be used to enhance a consecutive sentence, or any other term.
    Supporting Facts:

8   The U.S. Supreme Court in it's recent ruling; Cunningham v. Calif.

9   made it clear that a fact use in aggrevation, cannot be used to

10  enhance the term as well as cited in Calif. Rules of Court 4.420

11  Claim Two: Trial court sentence Petitioner to an illegal sentence,

12  when they sentence Petitioner in axcess of their jurisdiction.

13  Supporting Facts: Trial court violated petitioner's due process under the

14  14th Amendment guarantee, by sentencing him in excess of their

15  jurisdiction, and under the Calif. Rule of Court Rule 4.420 (c)(e)

16  P.C. 1170 (b), Trial court is prohibited from using the same fact.

17  Claim Three: Petitioner cannot bargain for an illegal sentence.

18

19  Supporting Facts: When a plea is induced by trial defense counsel, who

20  knew nothing of relevant sentencing laws. There can be no bargain to

21  an illegal sentence. it has been held an attorney can be ineffective

22  by giving a defendant false information about sentencing.

23  If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25

26

27

28

John Canty
K-32754
California State Prison-Solano
P.O. Box-4000
Vacaville, CA 95696-4000

IN THE CALIFORNIA COURT OF APPEALS
FIRST APPELLATE DISTRICT

In Re JOHN CANTY
On Writ of Habeas Corpus

Petitioner John Canty, pro se prisoner, filed this instant petition of Writ of Habeas Corpus in the Superior Court of California, County of Alameda on 3/6/2007 , and it was denied on 3/19/2007 .

Petitioner motion for reconsideration was filed with the Superior Court of California on April 12, 2007, and was denied April 13, 2007.

Petitioner now comes before this court for review and relief sought in his petition for Writ of Habeas Corpus, and ask this court to take judicial notice to the following facts entered in his petition for Writ of Habeas Corpus.

On January 22, 2007, the United States Supreme Court rule that California's determinate sentencing law (DSL) unconstitutional by placing sentencing elevating factfinding within the judge's province, violate's a defendant's right to a trial by jury safeguard required by the First and Fourteenth Amendments of the United States Constitution. The court has repeatedly held that "any" fact that exposes a defendant to a greater potential sentence must be found by a jury, and not a judge; and established beyond a reasonable doubt. (530 U.S. at 490, see also Harris v. U.S., 545 557-566 (2002). (See petitioner's Writ of Habeas Corpus attached).

Here the petitioner was sentence to the upper term of 8 years to

(1)

run consecutively with an additional 5 and 7 year sentence. Under

California Rules of Court, Rule 4.412, which states:

> Defendant's agreement as reason]it is adequate reason for
> a sentence or other disposition that the defendant personally
> and by counsel, has expressed agreement that it be imposed
> and the prosecuting attorney has not expressed an objection
> to it. The agreement and lack of objection shall be recited
> on the record.
>
> This section does not authorize a sentence that is not
> otherwise authorized by law. Calif. Rules of Court, Rule 4.412
> as amended effectively January 1, 2001.

Defendant cannot bargain for an illegal sentence. An attorney who

does not know the basic sentence for an offense at the time that his client

is comptemplating entering a plea is ineffective, even if trial court and

prosecution are also ignorant of relevant changes in the law. Had the

attorney known of the sentencing amendment he would have had the professional

duty to alert the State and the Court of the amendment, because defendant

cannot bargain for an illegal sentence. See e.g. In Re Norton, 128 N.J. 520;

608 A. 2d 328,338 (N.J.1992); State v. Nemeth, 214 N.J. Super. Ct. App. Div.

1986., there can be no plea bargain to an illegal sentence. The United

States Supreme Court has held that an attorney can be ineffective by giving

a defendant false information about sentencing, thereby inducing the defendant

to plead guilty instead of going to trial. See Myers v.Gillis, 142 F. 3d 664,

(3rd Cir. 1998). Defense counsel, as well as the prosecution must know or

learn about relevant facts of sentencing. The Eighth Amendment bars a prison

sentence beyond the legislatively created maximum. See Ralph v. Blackburn,

590 F. 2d 1335,1337 n. 3 (5th Cir. 1979).

The Superior court's decision in denying the petitioner petition of

Writ of Habeas Corpus, that Cunningham did not apply retroactively to the petitioner's case. The court did not consider the facts and law that the petitioner's sentence was an unauthorized senten sentence.

As a general rule, acts of court taken wholly without the power to do so may be collaterally attacked at any time without regard to a statute of limitation. (See e.g. Armstrong v. Armstrong, (1976) 15 Cal. 942,950, [126 Cal. Rptr. 805; 544 P. 2d 941].

Acting in excess of jurisdiction, this aspect of the Habeas Corpus jurisprudence has been invoked in the past by courts to review claims that a criminal defendant was sentence to serve an illegal sentence. Thus for an example, where a defendant was sentence to an indeterminate term when the law provides a determinate term. See In Re Lee, 177 Cal. 690; [171 P. 958].

Likewise, the Writ was available to review claims that the sentencing court acted in excess of it's jurisdiction by imposing a sentence on petitioner that was longer than permitted by law. (Neal v. California, 55 Cal. 2d 11, 16-17; Estrada, 63 Cal. 2d 740, 750; In Re Huffman, 42 Cal. 3d 551, 555.

The statutory maximum, the United States Supreme Court has clarified, "is not the maximum sentence a judge may impose after finding additional facts...."But the maximum the judge may impose without any additional finding. THEREFORE, the statutory maximum is the middle term, and not the upper term sentence. (See Cunninham v. California, (2007), 549 U.S._____.: Apprendi v. New Jersey,(2000), 530 U.S. 466; Balkely v. Washing ton, (2004) 542 U.S. 296.

It should be noted that it is unconstitutional to remove
from the jury the assessment of facts that increases the precise
range of penalties to which a criminal defendant is exposed.  It
is equally clear that such facts be established beyond-a-reasonable
doubt.

The Supreme Court of the United States asserted in Shepherd
v. U.S.(2005), 544 U.S. 13,24-26, that a sentencing court may not
look at police reports and complaint applications to determine
whether prior offenses may trigger the upper term, and essentially
must be limited to what the defendant with a true effective counsel
has admitted to in front of the judge.  Thus the judge must stick
to the legal facts and what the high court held, that they may only
examine the statutory definition of the charged offense.(reversing
Taylor v. U.S. 495 U.S. 575 (2000).

This right, has due process underpinnings.  It is addressed
to the actions of the court.(Evitts 469 U.S. 396, quoting Cuyler
v. Sullivan 100 S. Ct. 1708 (1980), in obtaining a criminal
conviction through a procedure that fails to meet the standard of
due process of law"unless a defendant charged with a serious
offense has counsel able to invoke the procedural and substantive
safeguards that distinguishes our system of justice.  A serious
risk of injustice infects the trial itself.  Accordingly under the
California Rules of Criminal Procedure that applies to this case,
the court can correct an illegal and unauthorized sentence  "at any
time".  This authority to vacate and amend a sentence at any time
extends only to the illegal portion of the sentence and does not
empower the court to reach the legal sentence, previously imposed,
even when it arose out of the same transaction. (Henry at 709 f. 2d

308(citing Kennedy 330 F. 2d 27).

Therefore, the question of whether or not the Cunningham decision is retroactive to the petitioner's unauthorized sentence, because defendants cannot bargain for an illegal sentence, does not resolve this case. A claim that a sentence is unauthorized is subject to judicial correction whenever the error comes to the attention of the reviewing court.(People v. Scott, 9 Cal. 4th 331,354).

**WHEREFORE,** petitioner respectfully request that this court issue and order for the following.

!. Reverse their judgement and remand petitioner for re-sentencing.

2. Issue and order to show cause.

3. Issue an order for any other relief that the court deems significant.

Executed this day of May 10, 2007

Respectfully Submitted

### IN LIGHT OF THE RECENT DECISION OF THE UNITED STATES SUPREME COURT IN CUNNINGHAM V. CALIFORNIA, APPELLANT SENTENCE MUST BE REDUCED.

The recent decision of the United States Supreme Court, makes the California's determinate sentencing law (DSL), unconstitutional by placing sentencing elevating factfinding within the judge's province, violates a defendant's right to trial by jury safeguarded by the Sixth and Fourteenth Amendments.  As this court's decision instruct, the Federal Constitution's jury-trial guarantee proscribes a sentence scheme that allows a judge to impose a sentence above the statutory maximum based on facts, other than a prior conviction, not found by a jury or admitted by the defendant. Apprendi v. New Jersey,(2000) 530 U.S. 466; Ring v. Arizona,(2002) 536 U.S. 584; Blakely v. Washington, (2004) 542 U.S. 296; United States v. Booker,(2005) 543 U.S.220.

The court has repeatedly held, that under the Sixth Amendment, **"Any"**, fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge; and **established beyond-a-reasonable-doubt,** and not the ballwick of a judge determining where the preponderance of the evidence lies.530 U.S. at 490, See also Harris v. U.S. 545, 557-566, (2002).

Here, Petitioner was sentence to the upper term(doubled and then enhanced again).  Under California's determinate sentencing law (DSL) which sets out an upper,middle and lower term sentence, the trial court must impose the middle term unless it finds and states orally on the record the fact that constitute circumstances in aggravation or mitigation, and in it's view justify imposing the upper or lower term sentence. See Penal Code §1170 subd. (b); Calif. Rules of Court,

1  Rule 4.420 subd. (e).

2  [T]he statutory maximum, this court has clarified,**" is not the**

3  **maximum sentence a judge may impose after finding additional facts,**

4  **"but the maximum he may impose without any additional finding."** See

5  Blakely 542 U.S at 303-304.  **Therefore, the statutory maximum is the**

6  **middle term, and not the upper term sentence.**Blakely 542 U.S. 296;

7  U.S. v. Booker, 543 U.S. 220; Cunningham, 549 U.S._____.

8       Any fact used to deviate from the middle term must be establish

9  by a reasonable doubt of the evidence, as shown by the facts develope

10 at trial, probation report, statements in aggravation or mitigation,

11 and evidence introduced at the sentencing hearing. Calif. Rules of

12 Court, Rule 4.420 subd. (b).  A trial judge, at sentencing, thus has

13 two very different roles:  First,as a finder of facts, he determines

14 and specifies circumstances in aggravation or mitigation, based on

15 trial evidence received at the sentencing hearing, including the pre-

16 sentence report and on occasion, live testimony.  Then he exercise

17 his discretion as to whether the proved facts and circumstances of

18 the case justify imposition of other than the middle term, if the

19 defendant is sent to prison.

20      Clearly, judicial factfinding that serves as a basis for an

21 increased prison term is no longer permissible under the Sixth and

22 Fourteenth Amendments of the United States Constitution.  In Blakely

23 v. Washington,(2004) 542 U.S. 296, the United States Supreme Court

24 held pursuant to Apprendi v. New Jersey,(2000) 530 U.S. 466, **"Any",**

25 aggravating fact that increases a prison term beyond that which could

26 be lawfully imposed if no such facts were found must be tried to a

27 jury, unless the right to a jury trial of such facts is waived.

28                              (2)

1   Where the jury verdict alone would not permit a particular sentence
2   absent the findings of a specified additional fact or facts, that
3   sentence cannot be upheld.

4        Clearly California's law does not authorize imposition of the
5   upper of three terms un less the judge finds, and states on record,
6   aggravating or mitigating facts that supports imposition of the
7   upper or lower term sentence.  Therefore, under Blakely, as well as
8   U.S. v. Booker, Cunningham and Apprendi,**no upper term sentence may**
9   **be imposed based of facts found by a judge.**

10      **REVERSAL OF THE UPPER TERM IS MANDATORY:**

11  As with Apprendi, imposition of the upper term based on findings
12  made by a judge that should have been made by a jury is structural
13  error.  No matter how overhelming the evidence, where the defendant
14  was denied his right to a jury trial, a sentence based on judicial
15  factfinding must be reversed. See Sullivan,(1993) 508 U.S 275,277;
16  People v. Taylor,(2004) 118 Cal. App. 4th 11,30.  The argument
17  could be made that the court could simply strike any factor in
18  aggravation that should have been found by a jury and allow the
19  sentence to stand based on criminal history factors that a judge
20  may still properly find.  But this argument fails for three reason:

21      **First,** the reasoning in Blakely cast severe doubt whether a
22  judge may find a prior conviction to be true without a jury's
23  waiver;  **Second,** even if the petitioner's prior conviction is an
24  undisputable fact, whether that record is an aggravating factor
25  depends on the judgement of the jury, not a judge.

26      Penal Code §1170 subd. (b), control the trial judge's choice;
27  it provides that the court shall order the imposition of the middle

28

(3)

1 term unless there are circumstances in aggravation or mitigation of

2 the crime.   Circumstances in aggravation or mitigation are to be

3 determined by the court after consideration of several items: The

4 trial record,probation report,statements in aggravation or mitiga-

5 tion,and further evidence introduced at the sentencing hearing.

6    Notably, the Penal Code permits elevation of a sentence above

7 the upper term based on specified statutory enhancements relating

8 to the defendant's criminal history, or circumstances of the crime.

9 See Penal Code §667; also see Black,35 Cal. 4th at 1257. Unlike

10 aggravating circumstances, statutory enhancements must be charged

11 in the indictment, and the underlying fact must be proved to a jury

12 beyond a reasonable doubt. Penal Code §1170.1 (e); Black 35 Cal.

13 4th at 1257. **A fact underlying an enhancement cannot do double duty,**

14 **it cannot be used to imposed the upper term sentence, and on top of**

15 **that, an enhanced term too.** Penal Code §1170 (b).

16    Here, Petitioner was sentence to the upper term of 8 years,

17 to run consecutive with a 5 and 7 year middle term sentences.

18    Defendant's agreement as reason] it id adequate reason for a

19 sentence or other disposition that the defendant, personally and by

20 counsel, has expressed agreement that it be imposed and the prose-

21 cuting attorney has not expressed an objection to it. The agreement

22 and lack of objection shall be recited on the record. **This section**

23 **does not authorize a sentence that is not otherwise authorized by**

24 **law.**Calif. Rules of Court, Rule 4.412; as amended effective January

25 1,2001. Had the court attempted to do directly what they did indi-

26 rectly, that is impose a sentence not authorized by law for the

27 offense of which Petitioner was convicted. The law is well settled

(4)

28

1  that such a sentence would have been subject to judicial correction
2  whenever the error came to the attention of the trial court or the
3  reviewing court. See In Re Sandel,(1966) 64 Cal. 2d 412;⎾50 Cal.
4  Rptr. 462; People v. Massengate,(1970) 10 Cal. App. 3d 689,692, ⎾89
5  Cal. Rptr. 237.

6      An error which infringes a Federal Constitutional right compel
7  reversal, unless the reviewing court is able to declare a belief
8  that it was harmless beyond-a-reasonable-doubt. See Chapman v.
9  California,(1967) 386 U.S 18,24;⎾17 L. Ed. 2d 705,710-711.

10     **Therefore**, upon full consideration of this issue. This court
11  should reverse Petitioner's conviction and remand the matter for
12  re-sentencing.

### CONCLUSION

14     For the forgoing reasons set forth in this petition. The upper
15  term sentence must be reversed and petitioner should be remanded
16  for re-sentencing consistent with the recent ruling decided by the
17  United States Supreme Court in their decision in Cunningham v.
18  California, 549 U.S____,decided January 22, 2007.

19  Dated _MAY 10th_____,2007

22                    RESPECTFULLY SUBMITTED

25              John W. Cant

(5)

1    Mr. John Canty
     # K-32754
2    California State Prison-Solano, Level #2
     P.O. Box-4000
3    Vacaville, CA 95696-4000

4

5            IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA
              IN AND FOR THE COUNTY OF ALAMEDA

6

7    JOHN CANTY                Case No.1284432A

8

      vs.

9

10   D.K. SISTO, WARDEN           Petitioner's
                              Motion For Reconsideration
11                            of Petition For Writ of Habeas
                           Corpus, Denied, March 16, 2007

12

13       Petitioner <u>John Canty,</u>filed a petition for Writ of Habeas Corpus in

14    this court. This court summarily denied his petition for Writ of Habeas

15    Corpus on March 16, 2007, finding that the Cunningham v. California (2007)

16    549 U.S.\_\_\_\_\_, decision is not retroactive to petitioner's sentencing in,

17    <u>Case No.1284432A.</u>

18       A motion for reconsideration is the exclusive means for modifying,

19    amending or revoking an order. Morite of Cal. et al. v. Superior Court,

20    (1993) 19 Cal. App. 4th 485,490.) The motion for reconsideration must be

21    based on new or different facts,circumstances or law. Cal. Code Civ. Proc.

22    §1008 (a).

23       Although, petitioner contends in his Habeas petition that the sentencing

24    court could have not impose the upper term enhancement, and relied on the

25    Cunningham decision, the court did not consider in it's decision denying the

26    petition the fact and law that petitioner's sentence was an unauthorized

27    sentence. In Re Harris,(1993) 5 Cal. 4th 813,838-841; Acting in access of

28    jurisdiction. This aspect of Habeas Corpus jurisprudence has been invoked

1   in the past by the court to review claims that a criminal defendant was sentence

2   to serve an illegal sentence.  Thus fir an example, where a defendant was

3   sentence to an indeterminate term when the law provided for a determinate term.

4   Habeas Corpus was available.(In Re lee, (1918) 177 Cal. 690,[171 P. 958]. The

5   writ like wise was available to review claims that the sentencing court acted

6   in excess of it's jurisdiction by imposing a sentence on petitioner that was

7   longer than permitted by law.(Neal v. State of California,(1960) 55 Cal. 2d 11,

8   16-17,[9 Cal. Rptr. 607;[357 P.2d 839] see also Estrada,(1965) 63 Cal. 2d

9   740,750;[48 Cal. Rptr. 172;[408 P.2d 948]; In Re Huffman,(1986) 42 Cal. 3d 551,

10  555;[229 Cal. Rptr. 789;724 P. 2d 475]). In Re Harris,(1989) 49 Cal. 3d 131;

11  260 Cal. Rptr. 288;[775 P. 2d 1957]).

12      As a general rule, act's of court under taken wholly without the power to

13  do so  may be collaterally attacked at any time with out regard to a statute

14  of limitations. (see, e.g. Armstrong v. Armstrong,(1976) 15 Cal. 3d 942,950;

15  126 Cal. Rptr. 805;[544 P.2d 941].  The unauthorized sentence principle has

16  been invoked to determine whether claims previously rejected or never raised

17  are procedurally barred on Habeas Corpus. (In Re Harris,(1993) 5 Cal. 4th 813,

18  838-841.

19      Therefore, the principles are invoked as a matter of policy to insure the

20  fair and orderly administration of justice. (cf. Cal. Evid. Code §§353,354,

21  [preserving evidentary claims].  Although the claims are varied, a sentence is

22  generally"unauthorized" when it could not lawfully be imposed under any

23  circumstances in the particular case.

24      A claim that a sentence is unauthorized, however, is subject to judicial

25  correction whenever the error comes to the attention of the reviewing court.

26  (People v. Scott,(1994) 9 Cal. 4th 331, 354.)

27      Therefore, the question of whether the Cunningham decision is retroactive

28  to petitioner's unauthorized sentence in case no.1284432A,does not resolve this case.

1   case.

2       May this court reconsider the petition for Writ of habeas Corpus, and

3   issue and order to show cause.

4

5   I, John Canty, the petitioner, say and declare under the penalty of perjury

6   that the foregoing is true and correct.

7       Executed on this date April 4, 2007, at California State Prison-Solano,

8   P.O. Box-4000, Vacaville, CA 95696-4000.

9

10                                        RESPECTFULLY SUBMITTED

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    People v. Riolo,(1983; 33 Cal. 3d 223; People v. Keys,

5    220 Cal. Rptr. 760; 175 Cal. App. 3d 431; In Re Jone,(1994)

6    27 Cal. App. 4th 1153; People v. Cropper,(1975), 89 Cal. App.

3d. 716; People v. Diaz,(2007) Cal. App. Lexis 655

7    Do you have an attorney for this petition?                         Yes_____    No **XXX**

8    If you do, give the name and address of your attorney:

9    _____

10       WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on _August 12th 2008_

14           Date                              Signature of Petitioner

15

16

17

18

19

20   (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

S154080

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re JOHN CANTY on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

DEC 1 2 2007

Frederick K. Ohlrich Clerk

---

Deputy

GEORGE
---
Chief Justice

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

In re JOHN CANTY on Habeas Corpus.

**FILED**

MAY 24 2007

Court of Appeal - First App. Dist.
DIANA HERBERT
By_____
                              DEPUTY

A117705

Alameda County No. 128432A

BY THE COURT:*

The petition for writ of habeas corpus is denied. (See *People v. Amons* (2005) 125
Cal.App.4th 855, 868; see also *United States v. Sanchez-Cervantes* (9th Cir. 2002) 282
F.3d 664, 669-671.)

Date_____MAY 24 200_____        _____SIMONS, J._____ Acting P.J.

* Before Simons, Acting P.J., Gemello, J. and Needham, J.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Dept. No. 9

Date: March 16, 2007        Hon. LARRY J. GOODMAN, Judge        Fil R. Cruz, Deputy Clerk.
                                                                Not Reported, Reporter

| | |
|---|---|
| IN RE<br>JOHN WILLIAM CANTY | Counsel appearing    No Appearance<br>for Petitioner |
| Petitioner | |
| vs. | Counsel appearing    No Appearance<br>for Respondent |
| PEOPLE OF THE STATE OF CALIFORNIA<br>Respondent | |

Nature of Proceedings: **ORDER OF THE COURT**
**REGARDING PETITION FOR WRIT OF HABEAS CORPUS**

**Case No.  1284432A**
**PFN:    AJR164**
**CEN:  6152681**

Petition for writ of habeas corpus is denied. The Petition fails to state a prima face case for relief. The Apprendi/Blakely/Cunningham line of cases do not apply where the Petitioner has agreed to a specific term of imprisonment and the Court uses the aggravated term to reach the term the Petitioner has agreed to. Petitioner entered into a plea agreement wherein Petitioner agreed to a state prison sentence of 20 years. It was indicated at the time of Petitioner's plea that the imposition of the aggravated term of 8 years for Count 3 would be part of the terms used to achieve the 20 year state prison sentence. Petitioner was fully advised regarding the terms of the plea agreement and he agreed to the terms. At the time of Petitioner's sentencing the Court stated that the sentence was imposed pursuant to the Court's authority under California Rules of Court 4.412, (previously 412). The Petitioner was fully and properly advised of all of his rights. He suffered no violation of any rights to due process.

In addition Petitioner's case was final in 1996. Apprendi became final in 2000 and Blakely became final in 2004. The Petitioner's case predates both of these cases and is therefore not applied retroactively to Petitioner's case.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served **ORDER OF THE COURT** by placing copies in envelopes addressed as shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

John Canty
CDC or ID Number K-32754
California State Prison - Solano
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: March 19, 2007
By: _____
      Fil R. Cruz, Deputy Clerk

Writ - Canty, John 128432a

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**          Dept. No. 9

Date: **April 13, 2007**          Hon. LARRY J. GOODMAN, Judge          Fil Cruz, Dep.Clk.
                                                                        Not Reported, Reporter

---

IN RE:
**JOHN CANTY**                                      Counsel appearing          No Appearance, Deputy
                                                    for Plaintiff              District Attorney

                          Petitioner

vs.                                                 Counsel appearing          No Appearance
                                                    for Defendant
**PEOPLE OF THE STATE OF CALIFORNIA**

                          Respondent

---

Nature of Proceedings: **EX PARTE HEARING**                          Case No. **128432A**
                       **REGARDING MOTION FOR RECONSIDERATION**       PFN: **AJR164**
                                                                     CEN: **6152681**

This Court, having reviewed the Motion for Reconsideration of Petition for Writ of Habeas Corpus filed April 12, 2007 by Petitioner JOHN CANTY ("Petitioner"), NOW HEREBY ORDERS:

Motion for reconsideration is denied.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served **ORDER OF THE COURT** by placing copies in envelopes addressed as shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

John Canty
CDC or ID Number K-32754
California State Prison – Solano ,  *LEVEL 4 2*
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: April 13, 2007
By: _____
          Fil R. Cruz, Deputy Clerk

August 15th 2008
John Wm. Canty - #K32754
C.S.P. Solano- Bldg #20/GZL
P.O. Box 4000
Vacaville, CA 95696-4000

United States District Court (Federal)
Northern District of California
450 Golden Gate Avenue
San Fransico, Ca. 94102-3483

PJH

CV 08    3965

Dear Clerk of the Court,

   I am submitting a petition of Writ of Habeas Corpus. (PR)
I am presently incarcerated (in a California State Prison, at
Solano in Vacaville Ca.), and due to my indigency and
policy of the CDCR, I cannot provide the required
number of copies (as required by the Rules of Court)...
And I am asking you to accept this Writ, along with
an additional copy, but stamp & file one as my
own copy, and return it to me? — In addition to
any additional copies necessary to serve other parties.

   Please, send me a conformed copy as a receipt of
filing, I do apologize for any inconvenience which
this may have caused.

                              Respectfully submitted,

                              John W. Canty

LEGAL MAIL

Kerwin Carty - # K32756 (INTO)
C.S.P./Solano - Bldg. # 20
P.D. Box 4000
Vacaville, California
95696-4000

CALIFORNIA STATE PRISON-SOLANO

United States District Court
Northern District of California
450 - Golden Gate Avenue
San Francisco, California
94102-3483

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

AUG 1 8 2008

USA FIRST-CLASS FOREVER

C W

S. Dincadsan 8/14/08

LEGAL MAIL