UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN CANTY,

        Petitioner,                        No. C 08-3965 PJH (PR)

  vs.                                     **ORDER OF DISMISSAL**

D. K. SISTO, Warden,

        Respondent.

                                        /

This is a habeas case filed pro se by a state prisoner. In the initial review order the court noted that petitioner was convicted in 1996, did not file a direct appeal, and that his last state habeas petition was denied in 2007. Because it seemed unlikely that petitioner has been pursuing state habeas cases from 1996 to 2007, so as to entitle him to statutory tolling for that entire time, he was ordered to show cause why the petition should not be dismissed as untimely. He has responded.

The statute of limitations governing when a federal habeas case must be filed is codified at 28 U.S.C. § 2244(d). There is no dispute here but that the limitations period began when the judgment became final, *see* 28 U.S.C. § 2244(d)(1), and no contention that petitioner is entitled to statutory tolling, *see id.* at § 2244(d)(2). Petitioner does, however, contend that he is entitled to equitable tolling. Equitable tolling of the federal limitations period is available if "extraordinary circumstances beyond a prisoner's control ma[d]e it impossible to file a petition on time." *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc) (equitable tolling).

In his response to the order to show cause, petitioner contends he is entitled to

equitable tolling on various grounds. Most of these amount to a claim that he was ignorant of the law and that it was difficult for him to cope with the technical requirements for habeas cases. The Ninth Circuit has held, however, that ignorance of the law, and specifically the inability to correctly calculate the statute of limitations, is not an extraordinary circumstance that justifies equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th cir. 2006). This disposes of most of petitioner's arguments. In addition, he is incorrect that his claim that his counsel's ineffectiveness in advising him to take a plea deal made his sentence "illegal," and equally incorrect in his contention that a claim that a sentence is illegal is not subject to the statute of limitations. *See Lomazoff v. Walters*, 63 F.Supp.2d 663, 666-67 (E.D. Pa. 1999) (rejecting claim that illegal sentence claims are "unwaivable" and thus that federal petition was not subject to statute of limitations); *Vu v. Kramer*, 2008 WL 1326687 at *2 (C.D. Cal. 2008) (finding petitioner's habeas claims regarding an illegal sentence to be time-barred); *Gordon v. Espinda*, 2007 WL 2106617, at *2-*5 (D.Haw. July 13, 2007) (same); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (considering appropriateness of equitable tolling of AEDPA statute of limitations where petitioner claimed, among other things, that his sentence was illegal).

For these reasons, petitioner has failed to show cause why the petition should not be dismissed as barred by the statute of limitations. The petition is **DISMISSED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 16, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\CANTY3965.DSM.wpd

2