UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN CANTY,

        Petitioner,

  vs.

D. K. SISTO, Warden,

        Respondent.

                                  /

No. C 08-3965 PJH (PR)

**ORDER DENYING MOTION TO RECONSIDER AND DENYING CERTIFICATE OF APPEALABILITY**

        This is a habeas case filed pro se by a state prisoner. In 1996 petitioner pleaded nolo contendere to charges of carjacking, sexual penetration with a foreign object, and oral copulation. He was sentenced to twenty years in prison. He did not appeal, and in his petition he did not list any state collateral proceedings until 2007. The court therefore ordered him to show cause why the case should not be dismissed as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

        In his response to the order to show cause, petitioner contended that he was entitled to equitable tolling and that because his sentence allegedly was illegal it was not barred. Plaintiff's equitable tolling grounds were rejected because the Ninth Circuit has held that ignorance of the law, and specifically the inability to correctly calculate the statute of limitations, is not an extraordinary circumstance that justifies equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th cir. 2006). His contention that he could challenge an illegal sentence regardless of limitations also was rejected. *See Lomazoff v. Walters*, 63 F.Supp.2d 663, 666-67 (E.D. Pa. 1999) (rejecting claim that illegal sentence claims are "unwaivable" and thus that federal petition was not subject to statute of limitations).

        Petitioner has filed a motion to reconsider and a notice of appeal.

**A.   Motion to Reconsider**

Because the motion to reconsider was filed more than ten days after entry of judgment, it does not extend the time to appeal pursuant to Rule 4(a)(4)(A)-(B) of the Federal Rules of Appellate Procedure.  A notice of appeal was filed on February 6, 2009, the same day as the motion to reconsider, so the case is now on appeal.  As a result, the court lacks jurisdiction to consider the motion, *see Natural Res. Def. Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (once notice of appeal is filed, district court loses jurisdiction over matters being appealed), and the court is not disposed to entertain the motions, so the court of appeals need not remand for ruling, *see Williams v. Woodford*, 306 F.3d 665, 683-84 (9th Cir. 2002).  The motion to reconsider (document number 11 on the docket) is **DENIED** for lack of jurisdiciton.

**B.   Certificate of Appealability**

Petitioner has filed a notice of appeal.  Although he has not asked for a certificate of appealability ("COA"), the notice of appeal will be treated as such a request.  *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (if no express request is made for a COA, the notice of appeal shall be deemed to constitute a request for a certificate).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here.  *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  *Id.* at 484-85.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

1  whether the district court was correct in its procedural ruling." *Id.* at 484.  As each of these
2  components is a "threshold inquiry," the federal court "may find that it can dispose of the
3  application in a fair and prompt manner if it proceeds first to resolve the issue whose
4  answer is more apparent from the record and arguments." *Id.* at 485.  Supreme Court
5  jurisprudence "allows and encourages" federal courts to first resolve the procedural issue,
6  as was done here.  *See id.*

7  The petition was dismissed because it was not filed until nearly ten years after
8  expiration of the time to file a direct appeal, and none of petitioner's contentions amounts to
9  "extraordinary circumstances" that would support equitable tolling.

10  The court notes that in the motion to reconsider petitioner contends that his
11  *Cunningham* claim did not arise until long after expiration of the statute of limitation, if the
12  state of limitations is deemed to have commenced running upon expiration of the time for
13  direct appeal.  *See Cunningham v. California*, 127 S. Ct. 856, 871 (2007) (finding the
14  Court's decisions point to the middle term specified in California's statutes, not the upper
15  term, as the relevant statutory maximum; therefore, California's determinate sentencing law
16  violates the Sixth Amendment because it authorizes the judge, not the jury, to find the facts
17  permitting an upper term sentence).

18  First, this argument was not presented in response to the order to show cause, so it
19  would not cause reasonable jurists to consider the dismissal debatable or wrong.

20  Secondly, construed as an argument for a starting date for the statute of limitations
21  other than expiration of the time for direct review, it lacks merit.  Because the Supreme
22  Court has not made *Cunningham* retroactive to cases on collateral review, a starting date
23  under 28 U.S.C. § 2244(d)(1)(C) would not be appropriate, and using section
24  2244(d)(1)(D), which starts the limitations period running when the factual predicate of the
25  claim could have been discovered, would avail petitioner nothing because, although
26  *Cunningham* is retroactive, *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008), the case
27  upon which it is based, *Blakely v. Washington*, 542 U.S. 296 (2004), is not.  See *Schardt v.*
28  *Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005).  As a result, for convictions final before 2004,

when *Blakely* was decided, *Cunningham* and *Blakely* cannot be grounds for federal habeas relief.

Reasonable jurists would not find the court's dismissal of this petition debatable or wrong. The request for a certificate of appealability inferred from the notice of appeal is **DENIED**.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the Court of Appeals to issue the certificate, *see* R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see* R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated: February 18, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\CANTY3965.COA.wpd